Concurring Opinion by
Greene, J.
I agree with the Majority’s conclusion that de facto parent status should be recognized in Maryland. In that regard, we are correct to recognize that this status exists, and to overrule Janice M. v. Margaret K., 404 Md. 661, 948 A.2d 73 (2008). In addition, I agree with the test enunciated in In re Custody of H.S.H.-K., 193 Wis.2d 649, 533 N.W.2d 419 (1995) and V.C. v. M.J.B., 163 N.J. 200, 748 A.2d 539 (2000). Likewise, I agree with the Majority’s decision in this case to adopt and apply this test in order to establish de facto parentage. I disagree, however, that a person who qualifies as a de facto parent is not required, per se, to establish exceptional circumstances. Consistent with our case law, the burden was on Michelle Conover to demonstrate exceptional circumstances to justify the need for a best interest analysis. See Ross v. Hoffman, 280 Md. 172, 178-79, 372 A.2d 582, 587 (1977). I agree that de facto parentage is a relevant factor but it is not the only factor for the court to consider in reaching the ultimate decision to grant child access.
In my view, de facto parent status can best be described as a subset of exceptional circumstances. The fact that another person has a psychological bond with the child, a bond that was fostered by the legal parent, is but one relevant factor that would warrant a finding of an exceptional circumstance, and could overcome the presumption in favor of the legal or adoptive parent to control access to the child.
Other probative factors would include:
[ (a) ] the length of time the child has been away from [either] the biological [and or adoptive] parent, [ (b) ] the age of the child when care was assumed by the [de facto or biological parent], [ (c) ] the possible emotional effect on the child [resulting from] a change of custody [or visitation], [ (d) ] [any] period of time which elapsed before the [defacto *87 or legal] parent sought to reclaim [access to] the child, [ (e) ] the nature and strength of the ties between the child and the [de facto parent], [ (f) ] the intensity and genuineness of the [respective] parent’s desire to have the child [for the purposes of visitation or custody], [ (g) ] the stability and certainty as to the child’s future in the custody of [or having access to] the [defacto] parent.
See Ross, 280 Md. at 191, 372 A.2d at 593.
The existence of a de facto parent status, the fact that a child has a close emotional bond with the de facto parent and that it would be in the best interest of the child to maintain that bond, are questions for the trial judge to resolve. Thus, the trial court would decide ultimately the existence of exceptional circumstances and whether the de facto parent’s access to a child is in that child’s best interest. See Taylor v. Taylor, 306 Md. 290, 307-11, 508 A.2d 964, 972-74 (1986). In its determination of the best interest, of the child, the trial judge would be in the best position to consider all of the relevant factors.
For the above reasons, I concur in the judgment of the Court.